PEOPLE, PLAINTIFF AND APPELLEE, *v.* GONZÁLEZ, KNOWN AS SANTIAGO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of Section 328 of the Penal Code.

No. 1076.—Decided November 24, 1916.

PUBLIC SAFETY—AUTOMOBILE—PEDESTRIAN—COLLISION.—A collision between an automobile and a pedestrian resulting in the death or injury of the person struck does not come within the contemplation of section 328 of the Penal Code as originally enacted or as twice amended.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The pertinent portion of the information herein reads as follows:

"The *Fiscal* files an information against Eduardo González, *alias* Santiago, for a violation of section 328 of the Penal Code, felony, committed as follows: The aforesaid Eduardo González, *alias* Santiago, on or about the 10th of November, 1915, in the municipality of Carolina, within the Judicial District of San Juan, and while driving automobile No. 1206, through negligence or carelessness caused the same to collide with the body of Margarita Esteves, a child, thereby causing her several wounds and injuries."

In the oral argument at the hearing it was suggested, among other things, that the facts charged do not constitute the offense defined by section 328 of the Penal Code.

The point is well taken.

That section, as it stood both on the date laid in the information and at the time judgment was pronounced, read as follows:

"Every conductor, engineer, brakeman, switchman, or other person having charge wholly or in part of any railroad car, locomotive, automobile, train or steamboat, which is used as a common carrier, and any train dispatcher, telegraph operator, station agent, or other person wholly or in part charged with the duty of dispatching or directing the movements of any such car, locomotive, automobile, train or steamboat, who, through unskilfulness, negligence or carelessness, suffers or causes the same to collide with another car, locomotive, automobile, train or steamboat, or with any other object or thing whereby the death or injury of a human being is produced, is punishable by imprisonment in jail for a maximum term of two years or in the penitentiary for not less than six months nor more than ten years, according to the gravity of the case."

Under the well-known rule of strict construction applicable to a case of this kind, it seems quite clear that the language used does not refer to a collision between an automobile and a pedestrian, resulting in the death or injury of the person struck. To hold otherwise would be to stretch the ordinary meaning of the words employed to cover cases which very easily might have been included in the section

by the Legislature had it so desired, but which are not plainly within the contemplation of the law either as originally enacted or as twice amended, first in 1908 and again in 1916, and would establish a very dangerous and pernicious precedent in the construction of a penal statute.

The judgment of conviction appealed from must be reversed and the defendant discharged.

<em>Reversed.</em>

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.